UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SYSTEMATIC HOME STAGING, LLC,

    Plaintiff,

v.                                            Case No: 6:17-cv-1327-Orl-41TBS

MHM PROFESSIONAL STAGING, LLC,

    Defendant.

## ORDER

Pending before the Court is the Motion of Defendant/Counter-Plaintiff, MHM Professional Staging, LLC ("MHM") to Strike Plaintiff/Counter-Defendant, Systematic Home Staging, LLC's ("SHS") Affirmative Defenses to Amended Counterclaim (Doc. 24). SHS has filed its response (Doc. 25). Upon review, the motion is **GRANTED, in part and DENIED, in part.**

SHS initiated this action by filing a complaint seeking a finding of invalidity and/or non-infringement of MHM's alleged intellectual property rights (Doc. 1). A (Corrected) First Amended Complaint for Declaratory Relief was subsequently filed (Doc. 9). MHM answered the amended complaint and filed a counterclaim against SHS alleging counts of trade dress infringement, copyright infringement, and unfair competition (Doc. 20). An amended counterclaim was subsequently filed (Doc. 21). SHS filed its answer and affirmative defenses to MHM's amended counterclaim on September 21, 2017 (Doc. 22). The instant motion seeks to strike the twenty-two affirmative defenses alleged by SHS, contending that each is legally deficient.

*General Principles*

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). A court has the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) FED. R. CIV. P. Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading, either upon a motion or *sua sponte*. Daley v. Scott, No. 2:15-CV-269-FTM-29DNF, 2016 WL 3517697, at *1 (M.D. Fla. June 28, 2016). Motions to strike are generally disfavored and are often considered "time wasters." Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla.1996). When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812 *1 (M.D. Fla. Sept. 16, 1999).

When pleading affirmative defenses, a defendant should "state in short and plain terms its defenses to each claim asserted against it," FED. R.CIV. P. 8(b)(1)(A), and "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). While courts have differed as to whether the pleading standard for complaints articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) applies to affirmative defenses, it is clear that affirmative defenses "must give the plaintiff fair notice of issues that may be raised at trial." Dougan v. Armitage Plumbing, LLC, No. 6:11-cv-1409-Orl-22KRS, 2011 WL 5983352, at *1 (M.D. Fla. Nov.14, 2011) (citing Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir.1988) ("The purpose of

Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").) As Judge Presnell has observed: "While affirmative defenses may not have to meet the Twombly/Iqbal standard, they must be more than boilerplate." Smith v. City of New Smyrna Beach, No. 6:11-CV-1110-ORL-31, 2011 WL 6099547, at *1 (M.D. Fla. Dec. 7, 2011).

Affirmative defenses that are insufficient as a matter of law can be stricken if they fail to meet the general pleading requirements. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D.Fla.2002). If a defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot succeed under any set of facts which it could prove, the defense will be deemed insufficient and may be stricken. Florida Software Systems, 1999 WL 781812 *1; Microsoft Corp., 211 F.R.D. at 683.

*Analysis*

MHM argues that SHS' affirmative defenses do not comport with the required pleading standard in that they are either conclusory boilerplate, fail to give enough factual information to constitute sufficient notice, or are in the nature of a general denial. In response, SHS argues that: affirmative defenses do not have to comply with the plausibility pleading standard articulated by the United States Supreme Court in Twombly and Ashcroft; to the extent a denial is mistakenly asserted as an affirmative defense, the remedy is not to strike the claim but to treat it as a specific denial; and the defenses here provide fair notice to MHM so "there is no need for a point-by-point refutation of MHM's ... arguments about their supposed factual deficiencies." (Doc. 25 at 6). I agree that the Twombly/Iqbal standard does not apply here. See Gonzales v. Midland Credit Management, Inc., No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov.

- 3 -

8, 2013) ("This Court agrees with those courts which hold that the pleading standard explained in Twombly and Iqbal does not apply to affirmative defenses."). I also agree that denials masquerading as affirmative defenses should not be stricken. However, a defense should respond to a specific count or counts and should contain sufficient information to constitute fair notice. I am also of the view that the shotgun pleading of boilerplate defenses clutters the docket and creates unnecessary work for the parties and the Court. For this reason, a "point-by-point" analysis of each defense is, unfortunately, necessary.

> First Affirmative Defense - SHS affirmatively asserts that Counts I, II, and III of MHM's Amended Counterclaim fails to state a claim upon which relief can be granted.

This is a denial, not a defense. Consistent with the above standard, the motion to strike is **denied** as to this defense.

> Second Affirmative Defense -As to Count II, SHS pleads the affirmative defense of unclean hands to the extent MHM has sought to assert rights in common unprotectable elements contained in the allegedly copyrighted work at issue and/or to the extent MHM and/or its assignor made misrepresentations to the U.S. Copyright Office during the registration process.

While a close call, the motion to strike is **denied** as to this defense. This matter can be more fully explored in discovery.

> Third Affirmative Defense - As to Count II, SHS pleads the affirmative defense of fair use as to all elements of the allegedly copyrighted work at issue that copyright law does not protect including but not limited to: ideas, expressions necessarily incident to ideas, expressions already in the public domain, generic expressions, and any other unprotectable or noncopyrightable elements.

The motion to strike is **granted,** as this defense does not sufficiently identify the grounds upon which it is based. As such, it does not constitute fair notice of a fair use defense. SHS may amend to include more specifics, if it can consistent with Rule 11.

> Fourth Affirmative Defense -As to Count II, SHS pleads the affirmative defense of nonoriginality to the extent that the allegedly copyrighted work at issue contains elements of nonoriginal material or material with a quantum of originality that is de minimus and therefore not copyrightable.

This is a denial, not an affirmative defense. As above, the motion to strike is **denied** as to this defense.

> Fifth Affirmative Defense- As to Count II, SHS affirmatively asserts the merger doctrine as an affirmative defense because the idea and expression of the material allegedly covered by a registered copyright in this matter are so closely connected that there is only one or few ways to practically express the idea.

The defense is stated so generally that it does not give fair notice of what is being asserted and provides no nexus between the defense and the claims. Absent an explanation how the merger doctrine applies here, the motion to strike is **granted** as to this defense, with leave to amend, if SHS can do so consistent with Rule 11.

> Sixth Affirmative Defense -As to Count II, SHS affirmatively asserts the independent creation doctrine as an affirmative defense to the extent the work MHM identified as infringing its allegedly copyrighted work was created independently of MHM's work.

I agree with MHM that Plaintiff should possess the facts to know if the independent creation doctrine applies. If it believes it does, it should plead so without qualification, and should provide the reason why. Absent explanation as to how the doctrine applies here, the motion to strike is **granted** as to this defense, with leave to amend, if SHS can do so consistent with Rule 11.

> Seventh Affirmative Defense -As to Count II, SHS affirmatively asserts that any protectable expression in MHM's allegedly copyrighted work is not substantially similar to SHS's displayed work.

This is a denial, not an affirmative defense. As above, the motion to strike is **denied** as to this defense.

> Eighth Affirmative Defense -As to Count II, SHS affirmatively asserts that MHM has failed to mitigate its alleged damages, if any.

Defendant has fair notice of this defense and the motion to strike it is **denied.**

> Ninth Affirmative Defense -As to Count II, SHS affirmatively asserts that MHM's allegedly copyrighted work contains scenes a faire which are not copyrightable.

This defense is stated so generally that it does not give fair notice of what is being asserted and provides no nexus between the defense and the claims. Absent an explanation as to how the scenes a faire doctrine applies here, the motion to strike is **granted** as to this defense, with leave to amend, if SHS can do so consistent with Rule 11.

> Tenth Affirmative Defense -As to Count II, SHS affirmatively asserts that MHM is not entitled to any award of statutory damages or attorney's fees for any copyright infringement attributable to SHS that commenced after the first publication of MHM's work at issue and before the effective date of its registration. Concomitantly, SHS affirmatively asserts that MHM did not seek or obtain copyright registration for its work within three months after the first publication of the work.

MHM argues that this defense is completely inapplicable as it did not request statutory damages or attorney's fees for Count II under 17 U.S.C. § 412. I agree. Plaintiff needs to include in the defense some explanation of how it applies to this case; otherwise, the defense appears to be frivolous and is an example of an unacceptable, boilerplate approach to pleading. The motion to strike is **granted** as to this defense, with leave to amend, if SHS can do so consistent with Rule 11.

> Eleventh Affirmative Defense - As to Count II, SHS pleads the affirmative defense of copyright misuse to the extent that MHM has engaged in (1) anti-trust violations, (2) anti-competitive activity outside the scope of legitimate copyright monopoly, (3) activity violating public policy embodied in the grant of the alleged copyright at issue regardless of whether the activity is anti-competitive, (4) activity relating to securing an exclusive right or limited monopoly not granted by the U.S. Copyright Office and which is contrary to public policy for the U.S. Copyright Office to grant, (5) activity to extend

> limited exclusive rights to property not covered by a registered copyright and using such property to attempt to force a settlement or achieve an outright victory in litigation, (6) activity amounting to using its copyright or the copyright statute to interfere with the public's right to be informed regarding generic or other matters of general interest or in the public domain, (7) licensing activity containing broad non-compete, non-development, or use restriction and exclusivity clauses, and (8) any other activity amounting to copyright misuse.

This, too, is overbroad boilerplate. If Plaintiff believes Defendant has engaged in any of the eight activities generally alleged, it needs to say so and provide enough facts so that fair notice is given. As currently pled, the defense is alleged so broadly that it does not give Defendant (or the Court) adequate notice of what is being asserted or any nexus between the general doctrine of misuse and any of the claims alleged here. The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11.

> <u>Twelfth Affirmative Defense</u> - As to Count II, SHS affirmatively asserts that the first sale doctrine as codified in 17 U.S.C. §109 bars MHM's enforcement of its allegedly copyrighted work.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. Again, the defense is stated so generally that it does not give fair notice of what is being asserted. If the defense is available, SHS should have facts to explain how it applies to the case.

> <u>Thirteenth Affirmative Defense</u> -As to Count II, SHS affirmatively asserts that MHM's allegedly copyrighted work was sold or licensed to one or more third parties and those third parties own or control the distribution, display, and other rights associated with the work.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. The defense is stated so generally that it does not give fair notice of what is being asserted. If the defense is available, SHS should have facts to

explain how it applies to the case. For example, SHS should identify the third parties it refers to.

> Fourteenth Affirmative Defense - As to Count I, SHS affirmatively asserts the affirmative defense of trade dress misuse to the extent MHM has misused its alleged marks/trade dress by engaging in (1) anti-trust violations, (2) anti-competitive activity outside the scope of legitimate trade dress rights, (3) activity violating public policy embodied in legitimate trade <u>dress</u> rights regardless of whether the activity is anti-competitive, (4) activity relating to securing any right not permitted by law and which is contrary to public policy, (5) activity to extend limited rights to its alleged trade dress beyond their legitimate scope and using such activity to attempt to force a settlement or achieve an outright victory in litigation, (6) activity amounting to using its alleged trade dress and/or the Lanham Act to interfere with the public's right to be informed regarding generic or other matters of general interest or in the public domain, (7) licensing activity containing improperly or overly broad non-compete, non-development, or use restriction and exclusivity clauses, (8) making misrepresentations to the public in an attempt to increase the scope of its alleged trade dress, and (9) any other activity amounting to trade dress misuse.

This defense is overbroad boilerplate. If SHS believes MHM engaged in any of the nine activities generally alleged, it needs to say so and provide enough facts so that fair notice is given. As currently pled, the defense is alleged so broadly that it does not give MHM (or the Court) adequate notice of what is being asserted or any nexus between the general doctrine of misuse and any of the claims alleged. The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11.

> Fifteenth Affirmative Defense -As to Count I, SHS affirmatively asserts the affirmative defense of the First Amendment of the Constitution of the United States of America to the extent any of MHM's alleged trade dress are adjudged to be in the public domain and outside the protection of the Lanham Act.

While a close call, the motion to strike this defense is **denied.** The factual basis of this defense can be flushed out in discovery.

> Sixteenth Affirmative Defense -As to Count I, SHS affirmatively asserts the affirmative defense that MHM lacks standing to maintain all or parts of its claims to the extent any of its predecessor(s) in interest failed to properly

> assign all necessary ownership and other rights to the alleged trade dress at issue and any and all goodwill associated therewith including but not limited to the right to sue for alleged and accrued acts of infringement or misappropriation to MHM and/or to the extent that ownership of the alleged trade dress at issue rests in a non-party to these proceedings.

The motion to strike this defense is **denied.** MHM has been given fair notice that standing is at issue.

> <u>Seventeenth Affirmative Defense</u> -As to Count I, SHS affirmatively asserts the affirmative defense of fair use of MHM's alleged trade dress.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. MHM and the Court have no idea what the basis for the assertion of this defense is. As such, it fails to give fair notice.

> <u>Eighteenth Affirmative Defense</u> -As to Count I, SHS affirmatively asserts the affirmative defense that MHM's alleged trade dress is generic and not entitled to the protection of the Lanham Act; alternatively, MHM's alleged trade dress contains non-protectible scenes a faire.

The motion to strike the first part of this defense is **denied,** as it gives fair notice of SHS's defense that the trade dress is generic. The motion to strike is **granted** as to the "alternative" second part of this defense, for the same reasons stated with respect to the Ninth Affirmative Defense. SHS may amend, if SHS can do so consistent with Rule 11.

> <u>Nineteenth Affirmative Defense</u> -As to Count I, SHS affirmatively asserts the affirmative defense of acquiescence and estoppel; i.e., MHM has failed to adequately police possible or allegedly infringing uses of its alleged trade dress rights and therefore allowed such uses.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. The defense is stated so generally that it does not provide fair notice. SHS needs to explain how acquiescence and estoppel apply to this case.

> <u>Twentieth Affirmative Defense</u> -As to Count I, SHS affirmatively asserts the affirmative defense of waiver; i.e., MHM has waived its alleged trade dress rights and therefore allowed such use thereof by others.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. The defense is stated so generally that it does not provide fair notice. SHS needs to explain how waiver applies to this case.

> <u>Twenty-First Affirmative Defense</u> -As to Count I, SHS affirmatively asserts the affirmative defense of naked licensing; i.e., that MHM permitted SHS and/or others to use the alleged trade dress at issue in such a manner that the goodwill associated with such dress inured to the benefit of SHS and/or others.

The motion to strike is **granted** as to this defense, with leave to amend if SHS can do so consistent with Rule 11. The defense is stated so generally that it does not provide fair notice. SHS needs to include some facts to identify the "others" or otherwise particularize it to this case.

> <u>Twenty-Second Affirmative Defense</u> -As to Count III, SHS affirmatively incorporates herein all of the previous affirmative defenses to Counts I and II as if fully stated herein.

This is the proverbial (and unacceptable) shotgun approach. The motion to strike is **granted,** as to this "defense," **without leave to amend.**

To the extent leave to amend has been granted above, SHS shall have **seven days** from the date of this Order In which to file appropriate amended affirmative defenses.

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record